8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Hursie Joe WIGGINS, Defendant-Appellant.
 No. 92-5413.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 12, 1993.
Decided: October 19, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. John A. MacKenzie, Senior District Judge. (CR-92-1-NN)
 Leon R. Sarfan, Sarfan & Nachman, Newport News, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Mark A. Exley, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before WIDENER, HALL, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, Hursie Joe Wiggins was convicted of conspiracy to acquire firearms in violation of 18 U.S.C. § 371 (1988) and causing false firearms statements in violation of 18 U.S.C.A. § 924(a)(1)(A) & (2) (West 1985 & Supp. 1992), and was sentenced to concurrent eight month prison terms. Wiggins appeals, alleging insufficient evidence to support his convictions. We find his claims meritless; consequently, we affirm.
 
 
 2
 On March 4, 1991, Wiggins, a convicted felon, was approached by two acquaintances who asked him to help them buy guns, claiming that they lacked the proper identification. Wiggins could not buy guns due to his criminal record but wanted to help them so he drove around with them in search of someone who could make the purchase. When this effort proved unsuccessful, Wiggins asked his estranged wife, Sylvia, to help them.
 
 
 3
 Sylvia agreed to buy the guns and went with Wiggins and his acquaintances to Ruffino's Gun Shop in Hampton, Virginia. She testified that she entered the store with one of Wiggins's acquaintances who selected and paid for two firearms while Sylvia completed the firearms purchase form.[1] Afterwards, Wiggins's acquaintances paid him fifty dollars. A few days later, one of the guns was found at a crime scene in Maryland.
 
 
 4
 Wiggins contends that there was insufficient evidence to sustain his convictions. A jury's guilty verdict must be sustained "if there is substantial evidence, viewing the evidence in the light most favorable to the government, to support the finding of guilt." United States v. Rusher, 966 F.2d 868, 878 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S. 1992). The test is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 5
 Wiggins argues that the Government failed to prove that he understood the purpose of the conspiracy and deliberately joined the plan to illegally obtain firearms. To find Wiggins guilty on the 18 U.S.C. § 371 conspiracy charge, the government had to prove that he conspired with others to commit an offense against the United States and that one or more of the conspirators took steps to carry out the conspiracy. A conspiracy may be proven by circumstantial, as well as direct, evidence. United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991); United States v. Chorman, 910 F.2d 102, 109 (4th Cir. 1990). As Wiggins concedes, the Government had to prove beyond a reasonable doubt that he conspired to acquire firearms in violation of § 371 either by (1) conspiring to receive, possess, or transport any firearm in or affecting interstate commerce, while knowingly employed by any person convicted of a crime punishable by more than a year in prison in violation of 18 U.S.C.A. § 922(h) (West 1985 & Supp. 1992) or (2) conspiring to knowingly make a false statement or representation with respect to information required to be kept in the records of a federally licensed firearms dealer in violation of 18 U.S.C.A. § 924(a)(1)(A).
 
 
 6
 Viewing the evidence in the light most favorable to the government, a rational jury could find that Wiggins knowingly joined a conspiracy to make a false representation concerning information required to be kept in a federally licensed firearms dealer's records. Federal regulations require federally licensed firearms dealers to obtain from firearms buyers a federal firearms purchase form "showing the name, address ..., date and place of birth, height, and race of the [purchaser]." 27 C.F.R. § 178.124(c) (1992). Wiggins knew that his acquaintances lacked the proper identification to buy guns and admitted that he wanted to help them. Therefore, he convinced his wife to act as the straw man for the gun purchase. Wiggins claims that he did not know "what, if any, information Sylvia had to provide to the gun dealer in order to purchase the weapons." However, he was aware that she would have to show proper identification in order to buy firearms and that she would have to represent herself as the purchaser to obtain guns for his acquaintances who would otherwise be unable to buy them. This was sufficient to show that Wiggins knew of the conspiracy and willingly joined.[2] See United States v. Roberts, 881 F.2d 95, 101 (4th Cir. 1989) (even if defendant unaware of full details, may be convicted of conspiracy if understands unlawful nature of conspiracy).
 
 
 7
 A rational jury viewing the evidence in the light most favorable to the Government also could find that Wiggins willfully caused Sylvia to falsely state that she was the purchaser of the firearms obtained at Ruffino's Gun Shop. Wiggins argues that the Government failed to prove this offense because he was not present when Sylvia completed the firearms purchase forms and there was no evidence that he was aware that Sylvia had to fill out such forms. Wiggins asked his wife to buy guns for his acquaintances because she had proper identification and they did not. A rational trier of fact could infer from this evidence that because Wiggins knew his acquaintances could not buy guns, he knew Sylvia would have to falsely represent herself as the purchaser and that he induced her to do this by asking her to help buy the guns.
 
 
 8
 There was sufficient evidence to find Wiggins guilty on both counts in his indictment. We therefore affirm his convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The federally licensed gun dealer testified that Sylvia paid for the guns and that the man accompanying her "did or said nothing unusual to lead [the gun dealer] to believe other than the woman was buying the firearms."
 
 
 [2]
 Wiggins does not challenge the illegality of Sylvia's conduct in representing herself as the purchaser of the guns